UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER F. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:10 CV 1913 RWS |
| v. | ) |
| | ) |
| CRICKET COMMUNICATIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Walter Scott alleges that he entered into a contract for internet services with Defendant Cricket Communications, Inc. ("Cricket") and Jabber Jaw Mobile LLC ("Jabber Jaw"). Scott alleges that Defendants breached the agreement and discriminated against him on the basis of his race in violation of 42 U.S.C. § 1981. This matter is before me on Cricket's Motion to Dismiss [#11] and Jabber Jaw's Motion to Dismiss [#16]. I will deny Defendants' motions for the reasons stated below.

**I.    Introduction**

Scott alleges that he entered into a contract with Cricket and Jabber Jaw on March 1, 2010 for Defendants to provide prepaid broadband internet services on a month to month basis. Scott alleges that on approximately March 18, 2010 he notified Defendants that his internet services had been disconnected. Once Scott's internet services were restored, Defendants failed to make any reimbursement to Scott for the disruption. Scott alleges Defendants admitted disconnecting his internet but gave no reason for the interruption.

The current case is Scott's second attempt to assert claims against these Defendants for the alleged interruption in his internet service. Scott's first complaint was dismissed because I lacked subject matter jurisdiction over the case because he did not assert a federal claim and Scott failed to

satisfy the amount in controversy requirement for diversity jurisdiction.[1] In the current case, in addition to state law breach of contract claims, Scott now alleges Defendants violated 42 U.S.C. § 1981 by discriminating against him on the basis of his race.

Defendants separately move to dismiss Scott's complaint. Both Cricket and Jabber Jaw argue that Scott's Complaint must be dismissed under Rule 12(b)(6) arguing Scott has failed to properly plead that he was intentionally discriminated against on the basis of his race under Section 1981. Cricket and Jabber Jaw also argue that if Scott's Section 1981 claim is dismissed, I should dismiss Scott's remaining state law claims. Cricket alternatively moves for a more definite and certain statement and Jabber Jaw argues that Counts I, II, and III are barred by the doctrines of res judicata and collateral estoppel.

**II.    Legal Standard**

When ruling upon a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002). Despite this standard, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

---

[1] Scott v. Cricket Commc'ns, Inc. et al., Cause No. 4:10CV823RWS, Docket No. 7.

**III.    Discussion**

    *a.    Rule 12(b)(6)*

Defendants first argue that Scott fails to state a claim under Rule 12(b)(6), arguing he has failed to plead the intent element of his Section 1981 in a manner that satisfies Rule 8. Section 1981 protect citizens' rights to make and enforce contracts without any impairment due to racial discrimination. Daniels v Dillard's Inc., 373 F.3d 885 (8th Cir. 2004). "A plaintiff establishes a prima facie case under § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)." Id. (citing Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004).

In Scwierkiewicz, the United States Supreme Court stated that the requirements for establishing a prima facie of discrimination is an evidentiary standard, not a pleading standard. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (reasoning reaffirmed in Twombly, 550 at 569-70). Following this logic, courts in this District have determined that in a Section 1981 claim, "the plaintiff need only allege a short and plain statement to support its claim for relief, not a detailed recitation of the proof that will ultimately be used to support the claim." Amos v. Geico, 2006 WL 3437608 *4 (D. Minn., Nov. 20, 2006) (internal quotations omitted) (citing Boone v. PCL Construction Services, Inc., 2005 WL 1843354 *3 (D. Minn., August 2, 2005).

Defendants do not challenge whether Scott has properly pleaded that he is a member of a protected class or whether there was a interference with a protected activity. Cricket argues that Scott's Section 1981 claim must be dismissed because he has failed to plead any direct or circumstantial facts relating to Cricket's alleged intent to discriminate. Similarly, Jabber Jaw asserts that Scott's Section 1981 claim does not allege any facts beyond the legal conclusion that Jabber Jaw

intended to discriminate against Scott on the basis of his race.

While legal conclusions are not entitled to an assumption of truth, Scott is not required to provide a detailed recitation of proof to support the intent to discriminate element of Section 1981's prima facie case. Scott has alleged that he is an African American, that he entered into a contact with Defendants for prepaid internet services, that the services were disrupted for twelve days, that Defendants acknowledged the interruption when Scott reported it but did not provide an explanation for it, that after his service was restored Defendants did not financially compensate or otherwise credit him for the loss of services, and that the preceding was the result of his being discriminated against by Defendants on the basis of his race. As a result, I find that Scott has satisfied the pleading requirement of Rule 8 and will deny Defendants' respective motions to dismiss on that argument.

  b.  *State Law Claims*

Because I will not dismiss Scott's Section 1981 claim under Rule 12(b)(6), I will not reach Defendants' argument that I should dismiss Scott's state law claims.

  c.  *Rule 12(e)*

Cricket alternatively argues that Scott should be required to plead a more definite and certain statement of Counts I through IV of his Complaint. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. C. P. 12(e). A motion for a more definite statement is proper "when a party is unable to determine the issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." <u>Tinder v. Lewis County Nursing Home Dist.</u>, 207 F.Supp.2d 951, 959 (E.D.Mo.2001) (internal citations omitted). Rule 12(e) presents a stringent standard. In light of the liberal notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure and the liberal discovery available to both sides, motions for a more

definite statement are rarely granted. Id. at 959-60. "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." Resolution Trust Corp. v. Gershman, 829 F.Supp. 1095, 1103 (E.D.Mo. 1993).

Cricket acknowledges that Scott has sufficiently pleaded the elements for breach of contract, but argues that several ambiguities and omissions render the claim unanswerable. A Rule 12(e) motion is properly asserted when the pleading is so vague or ambiguous that a responsive pleading cannot be formed. Cricket's arguments are unpersuasive. Scott has alleged the date the contract was entered into, attached a receipt for payment made on the date of the contract, and alleged that the services were to be paid for on a month to month basis. While it is true that Scott's Exhibits do not reflect payments made in the same amounts, the dates indicate the payments were made in different months. Whether Scott can produce the specific facts needed to support his claims to relief is a separate question which need not be decided at this phase. The specific terms of the contract requested by Cricket are more properly explored in discovery.

Cricket also argues Scott should also be required to plead a more definite claim for his Section 1981 claim. Cricket argues that Plaintiff improperly "lumps" the actions of Cricket and Jabber Jaw together and does not indicate "with any certainty which entity committed the particular discriminatory actions." These specific fact issues are also more properly explored in discovery after Scott has had an opportunity to discover the interactions between and relationship, if any, between the Defendants. Scott's Section 1981 claim is not so unintelligible as to require a more definitive statement. As a result, I will deny Cricket's motion for a more definite statement.

    c.    *Res Judicata and Collateral Estoppel*

In its motion to dismiss, Jabber Jaw argues that Counts I, II and III are barred by the doctrines of res judicata and collateral estoppel. Jabber Jaw does not expand upon or articulate a

basis for its argument other than to assert that the claims are barred and did not file a memorandum in support of its motion.² E.D.Mo. L.R. 4.01. As a result, Jabber Jaw has failed to establish that it is entitled to the relief sought and I will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Cricket Communications, Inc's Motion to Dismiss or in the Alternative Motion for a More Definitive and Certain Statement [#11] is **DENIED.**

**IT IS FURTHER ORDERED that** Defendant Jabber Jaw Mobile LLC's Motion to Dismiss [#16] is **DENIED**.

Dated this 19th day of May, 2011.

                                                                                       _____
                                                                                       RODNEY W. SIPPEL
                                                                                       UNITED STATES DISTRICT JUDGE

---

²When a pro se plaintiff is proceeding in forma pauperis and his complaint is dismissed under 28 U.S.C. § 1915(e) as frivolous and/or malicious, the dismissal has res judicata effect on future in forma pauperis petitions. Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993). In this case, Scott's prior in forma pauperis petition was not dismissed under Section 1915(e), but for lack of subject matter jurisdiction *without prejudice*. Scott v. Cricket et al., Cause No. 4:10CV823RWS, Docket No. 9.